IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ROBERT LEE CASTELLON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:11-CV-0049 |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION
## TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Came for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner ROBERT LEE CASTELLON. By his habeas application, petitioner challenges his November 4, 2008 conviction for the offense of aggravated assault with a deadly weapon out of the 251st District Court of Potter County, Texas, and the resultant twenty year sentence. Based upon the facts and law set forth in Respondent's answer, the Court finds that Petitioner's petition for a writ of habeas corpus should be DENIED.

I.
PROCEDURAL BACKGROUND

Petitioner Castellon was found guilty of the offense of aggravated assault. The same jury which found him guilty assessed his punishment at 20 years in prison. The conviction and sentence were affirmed on direct appeal. Castellon v. State, 297 S.W.3d 813 (Tex. App. - Amarillo 2009).

HAB54\R&R\CASTELLON-49.DENY.SHORT:3

Petitioner filed a petition for discretionary review which was refused. (PDR No. 1500-09). Petitioner filed a state application for writ of habeas corpus on November 15, 2010, the State answered, and the Court of Criminal Appeals denied the state application without written order on February 23, 2011.  On March 8, 2011, Castellon filed this federal petition.

## II.
## PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United States for the following reasons:

1. Petitioner was denied effective assistance of trial counsel because his attorney failed to request lesser included offense instructions of reckless driving and deadly conduct.

2. Petitioner was denied due process when the trial court failed to instruct the jury on the lesser-included offenses.

## III.
## STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act, a petitioner may not obtain habeas corpus relief in federal court with respect to any claim adjudicated on the merits in state court proceedings unless the adjudication of the claim resulted in a decision contrary to clearly established federal constitutional law or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  28 U.S.C. § 2254(d).

The Texas Court of Criminal Appeals heard and adjudicated, on the merits, the claims Petitioner now presents in his federal habeas corpus petition when it denied petitioner's application

for state habeas relief without a written order. *Ex Parte Castellon*, WR-75,206-01; *see Harrington v. Richter*, 131 S.Ct. 770, 784, 178 L.Ed.2d 624 (2011); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). Petitioner's burden before this Court is significantly heightened in that petitioner cannot prevail even if he shows the state court's determination was incorrect. Petitioner must also show the state court unreasonably applied federal law or made an unreasonable determination of the facts. *Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002), *cert. denied, Neal v. Epps*, 537 U.S. 1104, 123 S.Ct. 963, 154 L.Ed.2d 772 (2003).

## IV.
## MERITS

On July 13, 2011, Respondent filed an answer wherein he fully and accurately briefed the facts and procedural history of the case. The following is a statement of facts as summarized by the Seventh Court of Appeals:

> Appellant (hereinafter "Castellon") and Melissa Loya, one of the daughters of the complaining witness, Leobardo Loya, were living together with their child. Their relationship had been somewhat tumultuous. On the evening in question, Mellissa had spoken on the telephone with Castellon and, during the conversation, Castellon told Mellissa that she should go to her parent's home. Mellissa proceeded to her parent's home, and Castellon arrived in his SUV. Mellissa and Castellon began to have an argument when Leobardo, who had been observing from the sidewalk, started toward the SUV. Castellon got in his truck and started leaving and, when he got approximately a half a block down the street, turned around and came back toward Leobardo's home jumping the curb in his SUV and driving toward Melissa and Leobardo. The SUV ran into some large flower pots immediately in front of Leobardo and stopped. Castellon backed out rapidly and drove off, apparently going around the block. He reappeared and drove onto the lawn a second time. Again, Castellon drove his vehicle toward Mellissa and Leobardo, this time stopping when his windshield struck a branch on a tree in the yard.

> As a result of this activity, Castellon was indicted for aggravated assault with a deadly weapon. The vehicle was the alleged deadly weapon. At the conclusion of the evidence at trial, the trial court prepared a charge to a jury on the law. The charge included a charge on the indicted offense of aggravated assault with a deadly weapon and simple assault. At the conference with the attorneys, Castellon's trial counsel made no objection to the proposed charge nor did trial counsel request a charge on the lesser-included offense of deadly conduct. The jury subsequently found Castellon guilty of aggravated assault with a deadly weapon and assessed his punishment at confinement in the ID-TDCJ for 20 years. Castellon now complains of the failure of the trial court to include, *sua sponte*, a charge on deadly conduct. We will affirm.

Respondent thoroughly discussed the issues and the arguments advanced by Respondent show that Petitioner is not entitled to relief for the following reasons:

1. Petitioner has failed to establish that his trial counsel rendered ineffective assistance of counsel.

2. Petitioner was not entitled to a lesser-included offense instruction on reckless driving. Reckless driving was not a lesser-included offense of aggravated assault with a deadly weapon, because there was no explicit indication in the indictment that the defendant was driving, and because the element of driving could not be deduced from the indictment.

3. Petitioner was not entitled to a lesser-included offense instruction on deadly conduct because he has not shown that the record contains some evidence that would permit the jury rationally to find that if the defendant is guilty, he is guilty only of the lesser offense of deadly conduct.

4. Petitioner's allegation of trial court error is procedurally barred because his trial counsel did not object to the jury charge, and because the Seventh Court of Appeals found it to be procedurally barred.

5. Even if it were not procedurally barred, Petitioner's allegation of trial court error is not cognizable on federal habeas review because the failure to give an instruction on a lesser included offense does not raise a federal constitutional issue.

The Court will not recite Respondent's Answer here, except to highlight some of the major points below.

*Ineffective Assistance of Counsel*

Petitioner failed to establish that his trial counsel rendered ineffective assistance of counsel because he has not overcome the strong presumption that trial counsel rendered adequate assistance and that the challenged conduct was the product of reasoned trial strategy. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). The Court of Criminal Appeals denied Petitioner's state habeas application without written order after the State filed an answer.[1] While the better practice would have been for the state habeas court to obtain evidence, by affidavit or otherwise, regarding trial counsel's decision of whether or not to request a lesser-included offense instruction or to seek outright acquittal, there is nothing to indicate the decision by trial counsel was not a strategic one. Based upon the record, this Court cannot say that such decision was not a the product of reasoned trial strategy.

*Lesser-Included Offenses*

As clearly explained by Respondent, Petitioner was not entitled to a lesser-included offense instruction on reckless driving. Reckless driving is not a lesser-included offense of aggravated assault with a deadly weapon, because there was no explicit indication in the indictment that petitioner was driving, and the element of driving could not be deduced from the indictment. *Rice v. State*, 333 S.W.3d 140, 145 (Tex. Crim. App. 2011).[2]

---

[1]*See Ex Parte Castellon*, WR-75,206-01, Order on Application for 11.07 Writ of Habeas Corpus (February 23, 2011).

[2]The Court notes that Respondent's Answer incorrected cites to *Rice* as "33 S.W. 3d, 340, 345" in the first full paragraph of page 12 of the Answer, however, the error is corrected in the second full paragraph by the citation "*Rice*, 333 S.W. 3d at 145."

Although it appears that deadly conduct is a lesser-included offense of aggravated assault with a deadly weapon, Petitioner cannot show that the record contains some evidence that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser offense. *Hall v. State*, 225 S.W.3d 524, 536 (Tex. Crim. App. 2007).  Petitioner did not testify at trial and the only witness favorable to him did not support a charge of deadly conduct.  Specifically, his girlfriend Mellissa Loya, who was properly classified as a hostile witness for the state, did not support a charge of deadly conduct because her testimony indicated that Petitioner was guilty of nothing.  All of the remaining witnesses, including the victim, testified that Petitioner was intentionally trying to run over Leobardo Loya and Mellissa Loya, and that if they had not moved, they would have been struck.

Petitioner has failed to establish the state court unreasonably applied federal law or made an unreasonable determination of the facts.  *See Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002), *cert. denied, Neal v. Epps*, 537 U.S. 1104, 123 S.Ct. 963, 154 L.Ed.2d 772 (2003).  Further, even if petitioner had correctly claimed unreasonableness by the state court, there is nothing in the record or in petitioner's arguments to support such a contention.  In any event, this Court's review of petitioner's claims confirms the federal petition is without merit.

## V.
## RECOMMENDATION

For the reasons set forth above and in respondent's Answer filed July 13, 2011 [Document #14], it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner ROBERT LEE CASTELLON be DENIED.

VI.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 6th day of March 2014.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

\* **NOTICE OF RIGHT TO OBJECT** \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).